ESTATE OF RODAR v. SINGAPORE AIRLINES 23-1

FILED
CLERK, U.S. DISTRICT COURT
08 28-02
CENTRAL DISTRICT OF CALIFORNIA
DEP.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br>AIR CRASH AT TAIPEI, TAIWAN,<br>ON OCTOBER 31, 2000 | Case No. MDL 1394 GAF (RCx)<br>**ORDER GRANTING SINGAPORE AIRLINE'S MOTION FOR PARTIAL SUMMARY ADJUDICATION OF PUNITIVE DAMAGES ISSUE**<br>This Document Relates to Those Cases Listed in Appendices A and B Hereto |

**I.**

**INTRODUCTION**

Defendants Singapore Airlines, Ltd. ("SIA") and EVA Airways Corporation's ("EVA") move the Court for Partial Summary Judgment.[1] Defendants contend that the Court should enter summary judgment in their favor on Plaintiffs' punitive damages claims because punitive damages are not recoverable in actions governed by the Warsaw Convention. Plaintiffs counter that the Warsaw Convention establishes a "pass-through" to local damages law, and does not bar any type of damages, including punitive damages. With respect to SIA's motion, the Court concludes that, although local law provides the substantive rule regarding the recovery of *compensatory* damages in air crash cases (Zicherman v. Korean

---

[1] Defendants filed these motions in all of the cases listed in Appendix A.

1

, 516 U.S. 217 (1996)), no court that has considered this issue has permitted the recovery of punitive damages in an air crash case governed by the Warsaw Convention. Accordingly, the Court **GRANTS** SIA's motion for summary adjudication of the punitive damages issue. However, because further discovery must be completed regarding the status of EVA – whether it acted as the agent of SIA and therefore entitled to the Warsaw Convention's limitations on liability – the Court defers ruling on EVA's motion.

## II.

## DISCUSSION

The parties concede that most of the cases identified in Defendants' motions are governed exclusively by the provisions of the Warsaw Convention.[2] (See Appendix A). Moreover, the parties agree that the Warsaw Convention does not specifically provide for the recovery of punitive damages in air crash cases. The parties part ways, however, on the issue of whether punitive damages are barred under the Warsaw Convention. Although this issue has not yet been directly decided by the Supreme Court or the Ninth Circuit, "[e]very court that has addressed this issue has held that the liability and remedy contemplated by Article 17 of the Convention is compensatory in nature and not punitive....Therefore, courts uniformly have held that punitive damages are not available in cases of death or personal injury governed by the Warsaw Convention." In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 2002 WL 334389, at *3 (E.D. Pa. Feb. 27, 2002)(collecting cases). See, e.g., In re Korean Air Lines Disaster of Sept. 1, 1983, 932 F.2d 1475 (D.C. Cir.), cert. denied, 502 U.S. 994 (1991); In re Air Disaster at

---

[2] The parties dispute the applicability of the Warsaw Convention in the following cases: Leonardo, et al. v. Singapore Airlines, CV 02-0524; Fen-Kiok Man, et al. v. Singapore Airlines, et al., CV 02-2263; Harrison v. Singapore Airlines, CV 01-5787; Penmatcha, et al. v. Singapore Airlines, CV 01-5298; Heng v. Singapore Airlines, CV 01-9049; Chye, et al. v. Singapore Airlines, CV 01-9052; Bich, et al. v. Singapore Airlines, CV 01-9054; Hein v. Singapore Airlines, CV 01-10173; Fook, et al. v. Singapore Airlines, CV 01-9048; Hui v. Singapore Airlines, CV 01-9053; Koon, et al. v. Singapore Airlines, CV 01-10330; Woo v. Singapore Airlines, CV 01-3316; and Randazzo v. Singapore Airlines, CV 02-0526.

Lockerbie, Scotland on Dec. 21, 1988, 928 F.2d 1267 (2d Cir.), cert. denied, 502 U.S. 902 (1991); Floyd v. Eastern Airlines, Inc., 872 F.2d 1462 (11th Cir. 1989), rev'd on other grounds, 499 U.S. 530 (1991).

Nevertheless, Plaintiffs reiterate many arguments in this action that have been considered and rejected in such cases. Most significantly, Plaintiffs claim that the logic of relatively recent Supreme Court and Ninth Circuit decisions permits the recovery of punitive damages in Warsaw Convention cases, and that Article 25 of the Convention permits an award of punitive damages in cases of "willful misconduct." The Court disagrees, and concludes that plaintiffs attempt to read into those decisions a meaning never intended by their authors.

**1. The *Zicherman* Decision**

Plaintiffs claim that many of the cases relied upon by Defendants, such as Korean Air, Lockerbie, and Floyd, have been undercut by Justice Scalia's opinion for the Supreme Court in Zicherman v. Korean Air Lines Co., Ltd, 516 U.S. 217 (1996). In Zicherman, the Court concluded that the Warsaw Convention did not resolve the issues of "who may recover, and what ***compensatory*** damages they may receive." Id. at 227 (emphasis added). While Congress may enact special provisions resolving these issues, the Court held that absent such legislation, Articles 17 and 24(2) of the Convention "provide nothing more than a pass-through," and authorize courts to apply the domestic law that would govern in absence of the Warsaw Convention. Id. at 229. Since the Warsaw Convention does not specifically address the issue of punitive damages, Plaintiffs seize on the "pass through" language of Zicherman as support for their claim that punitive damages are not absolutely barred in Warsaw Convention cases. On the strength of that phrase, Plaintiffs argue that courts must determine whether the domestic law applicable under the forum's choice-of-law rules would allow for punitive damages under the circumstances.

No court in any intervening decision has adopted Plaintiffs' analysis of the Zicherman "pass through" analysis. Those courts that have confronted the issue

1 | have noted that Zicherman addressed only those types of *compensatory* damages
2 | available in Warsaw Convention cases, and never spoke in terms broad enough to
3 | encompass punitive damages. See, e.g., In re Air Crash Off Point Mugu, California
4 | on Jan. 30, 2000, 145 F. Supp. 2d 1156, 1162 (N.D. Cal. 2001)("The court is of the
5 | opinion that the Supreme Court's 'pass through' language was discussing only those
6 | claims that were not otherwise barred by the Warsaw Convention, and that the Court
7 | did not mean to overrule the prohibitions established by the Convention."); In re
8 | Aircrash Disaster Near Roselawn, Indiana on Oct. 31, 1994, 960 F. Supp. 150, 152
9 | (N.D. Ill. 1997)("[T]here are ample indications in the [Zicherman] decision that the
10 | Court was addressing only the various types of compensatory damages that may be
11 | available."). One court expressly noted that Zicherman's repeated references to
12 | claims for compensatory damages actually provides support for the conclusion that
13 | punitive damages are not recoverable under the Warsaw Convention. See
14 | Roselawn, 960 F. Supp. at 152 ("Far from rejecting the lower courts' conclusions that
15 | punitive damages are unavailable under the Warsaw Convention, Zicherman actually
16 | supports that conclusion by discussing damages in Convention claims purely in
17 | terms of compensatory damages."). This Court agrees. When read in its entirety,
18 | the Zicherman opinion clearly addresses the sole question of whether the
19 | substantive rule for awarding compensatory damages should be taken from French
20 | law – the language in which the treaty was written and from which the meaning of the
21 | term "damages" ("dommage" in the French) must be determined – or through
22 | application of local law, including the forum's choice of law principles. Because
23 | nothing in that discussion supports Plaintiffs' contention, the Court concludes that
24 | Plaintiffs' reliance on Zicherman is misplaced.[3]
25
26
27
28 | [3] Justice Scalia even noted that, although a jury in the case had awarded punitive damages as part of its verdict, the D.C. Circuit reversed that portion of the judgment – a ruling that was not appealed to the Supreme Court.

4

### 2. The *Bali* Decision

Plaintiffs also fail to persuade the Court that the case law from other circuits conflicts with the Ninth Circuit's decision in In re Aircrash in Bali, Indonesia on April 22, 1974, 684 F.2d 1301, 1315 (9th Cir. 1982). Although Plaintiffs assert that Bali requires the Court to apply state or foreign law to decide the issue of whether punitive damages are recoverable in actions governed by the Warsaw Convention, a careful reading of the entire Bali opinion suggests otherwise. The Bali decision reveals the Ninth Circuit's refusal to apply state law in Warsaw Convention cases, to the extent it would circumvent the Convention's limitation on liability. Id. at 1308. However, because the Ninth Circuit concluded that punitive damages were not even recoverable under the applicable choice of law, the court did not have occasion to decide whether punitive damages claims would circumvent the Convention's limitations on liability. Id. at 1315. Since the Ninth Circuit never reached the issue of whether the Warsaw Convention would preempt state laws permitting the recovery of punitive damages, the Court concludes Bali is not determinative here.

### 3. Article 25 of the Warsaw Convention

Likewise, courts have found unpersuasive Plaintiffs' argument that Article 25 would somehow overturn any punitive damages bar if the carrier commits willful misconduct.[4] See, e.g., Laor v. Air France, 31 F. Supp. 2d 347, 351 (S.D.N.Y. 1998) ("A finding of willful misconduct has been held to negate the due care exclusion from liability contained in Article 20 and the monetary limitation of $75,000 in Article 22....However, Article 25 has not been read to expand recovery to include punitive as well as compensatory damages.")(citations omitted); Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 663 (N.D. Cal. 1994)("Punitive damages are not recoverable in actions governed by the Warsaw Convention, even if the air carrier engaged in

---

[4] Article 25(1) of the Convention provides: "The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his willful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to willful misconduct."

willful misconduct."); Lockerbie, 928 F.2d at 1285-87 (discussing at length the history and purpose of Article 25 and concluding that the Convention's only response to willful misconduct is the lifting of the monetary limit on compensatory damages).

In light of the overwhelming legal authority that exists in support of Defendants' motions, and in the absence of binding Supreme Court and Ninth Circuit precedent holding otherwise, the Court finds no reason to depart from the generally accepted principle that punitive damages are not available in Warsaw Convention cases. Thus, the Court believes Defendants' Motions for Partial Summary should be **GRANTED**. Accordingly, Plaintiffs' punitive damages claims asserted against Defendant SIA should be **DISMISSED WITH PREJUDICE**.[5]

IT IS SO ORDERED.

DATED: August 26, 2002

Judge Gary Allen Fees
United States District Court

---

[5] Although Defendants filed motions for partial summary judgment in over seventy cases (without any regards to whether the plaintiff in each action actually asserted a punitive damages claim), the Court will only enter partial summary judgment in the cases identified in Appendix B. Appendix B contains only those Warsaw Convention cases in which a punitive damages claim has been made, and which are not the subject of Defendants' pending motions to dismiss for lack of subject matter jurisdiction.

6

## APPENDIX A

Cases Identified in SIA's Motion

| No. | Passenger(s) | Case Name | Case Number |
|---|---|---|---|
| 1. | John Diaz | Diaz v. SIA | CV 00-11879 |
| 2. | Phillip Thomas | Thomas v. SIA | CV 00-12555 |
| 3. | Walter Lee | Young v. SIA | CV 01-5261 |
| 4. | Rem Phang | Phang v. SIA | CV 01-5096 |
| 5. | Michael Peng | Peng v. SIA | CV 00-13562 |
| 6. | John Wiggans | Wiggans v. SIA | CV 01-1471 |
| 7. | Jamal Obagi | Obagi v. SIA | CV 01-1472 |
| 8. | Peter C.T. Shieh | Shieh v. SIA | CV 01-0155 |
| 9. | Lee Dan Mei, Jonathan Yang, Yang Yang | Yang, et al. v. SIA | CV 01-0783 |
| 10. | Hung Hsiu Yu Chen | Chen v. SIA | CV 01-1023 |
| 11. | Boris Chen, Chris Chen | Huang v. SIA | CV 01-1022 |
| 12. | Hector Favela, Martha Favela | Favela v. SIA | CV 01-1426 |
| 13. | Helen Broadfoot | Broadfoot v. SIA | CV 01-5098 |
| 14. | Akash Volam | Est. of Volam, et al. v. SIA | CV 01-1756 |
| 15. | Nan Shann Chuang | Est. of Chuang, et al. v. SIA | CV 01-1754 |
| 16. | Neelima Vuppala | Est. of Vuppala, et al. v. SIA | CV 01-1751 |
| 17. | Varaprasad Somasekhara Koppaka | Koppaka v. SIA | CV 01-1750 |
| 18. | Surya Narayana Marellapudi | Est. of Marellapudi, et al. v. SIA | CV 01-1755 |
| 19. | Janardhan Volam | Est. of Volam, et al. v. SIA | CV 01-1753 |

i

| 20. | Ching Ying Wu, Richard Wu | Est. of Wu, et al. v. SIA | CV 01-1752 |
|---|---|---|---|
| 21. | Christina Reed | Reed v. SIA | CV 01-1936 |
| 22. | David Ralph | Ralph v. SIA | CV 01-1938 |
| 23. | Jean Roa-Ching Chen | Lee, et al. v. SIA | CV 01-2015 |
| 24. | Lin Kuang Hui | Cheng, et al. v. SIA | **CV 01-2074** |
| 25. | Charles Moore | Morly v. SIA | CV 01-5099 |
| 26. | Chang Chin Liang, Chang Po Chai | Est. of Liang, et al. v. SIA | CV 01-2450 |
| 27. | Rabia Aliniazee | Aliniazee v. SIA | CV 01-5100 |
| 28. | Jenny Y. Dwan | Est. of Dwan, et al. v. SIA | CV 01-2749 |
| 29. | Anthony Woo | Woo v. SIA | CV 01-3316 |
| 30. | Chan Yu Chau | Hsiung, et al. v. SIA | CV 01-3356 |
| 31. | Selina Sung, Yvannie Sung | Sung, et al. v. SIA | CV 01-3372 |
| 32. | Raju Penmatcha | Penmatcha, et al. v. SIA | CV 01-5298 |
| 33. | Charles Moore | Moore, et al. v. SIA | CV 01-4315 |
| 34. | Jeffrey Aw | Kivrizis v. SIA | CV 01-5076 |
| 35. | Eric Sha | Sha v. SIA | CV 01-4540 |
| 36. | Jay Spack | Spack v. SIA | CV 01-5019 |
| 37. | Vivian Chen | Chen v. SIA | CV 01-4045 |
| 38. | John Harrison, Mary Harrison | Harrison v. SIA | CV 01-5787 |
| 39. | Douglas Villermin | Villermin v. SIA | CV 01-5788 |
| 40. | Margaret Rabley | Rabley v. SIA | CV 01-6323 |
| 41. | Paul Blanchon | Blanchon v. SIA | CV 01-7255 |
| 42. | Susana Enriquez Dominguez | Dominguez v. SIA | CV 01-7256 |
| 43. | Roberto Iglesias | Iglesias v. SIA | CV 01-7257 |

| 44. | Fuad A. Memon | Memon v. SIA | CV 01-0777 |
| 45. | Tee Seok Choo | Fook, et al. v. SIA | CV 01-9048 |
| 46. | Nguyen Van Hien | Van Hien, et al. v. SIA | CV 01-10173 |
| 47. | Lim Lay Har | Heng, et al. v. SIA | CV 01-9049 |
| 48. | Lin Hong Wen | Lin, et al v. SIA | CV 01-9051 |
| 49. | Neo Lee Keow | Chye, et al. v. SIA | CV 01-9052 |
| 50. | Keng Hui Teng | Teng, et al. v. SIA | CV 01-9053 |
| 51. | Anh Dung Nguyen | Nguyen, et al. SIA | CV 01-9054 |
| 52. | Janardhan Volam | Est. of Volam v. SIA | CV 01-9069 |
| 53. | Harald Linke | Linke v. SIA | CV 01-9104 |
| 54. | Ladan Mohajerani, Massoud Dabir, An Chi Pang | Est. of Mohajerani, et al v. SIA | CV 01-9183 |
| 55. | Cai Von Rumohr | Rumohr v. SIA | CV 01-9201 |
| 56. | Chi An Wei | Wei v. SIA | CV 01-9198 |
| 57. | Richard Nemeth | Nemeth v. SIA | CV 01-9197 |
| 58. | Sally Walker | Walker v. SIA | CV 01-9200 |
| 59. | Steven Courtney, Debra Brosnan | Courtney v. SIA | CV 01-10171 |
| 60. | Lin Ming Liang | Lin v. SIA | CV 01-9236 |
| 61. | Pramod Poddar | Est. of Poddar, et al. v. SIA | CV 01-10333 |
| 62. | Mohammed M. Khan, Begum Noor Jehan | Khan, et al. v. SIA | CV 01-9297 |
| 63. | Tan Yip Thong | Koon, et at v. SIA | CV 01-10330 |
| 64. | Raju Penmatcha | Penmatcha, et al. v. SIA | CV 01-10340 |
| 65. | Tah Hsiang Chen | Chen v. SIA | CV 01-9350 |

| 66. | Teng Kuang Hui, Raju Penmatcha, Anh Dung Nguyen, Neo Lee Keow, Tee Seok Choo, Lim Lay Har, Lin Hong Wen, Tan Yip Thong | Chang, et al v. United Airlines | CV 01-10335 |
|---|---|---|---|
| 67. | Yeh Chi Fua | Gin, et al. v. SIA | CV 01-9345 |
| 68. | Roeup Pork | Pork, et al. v. SIA | CV 01-9347 |
| 69. | William Randazzo | Randazzo, et al. v. SIA | CV 02-0526 |
| 70. | Yong Fen Min, Lee Nyuk Ha, Loida Danner, Lai Chew Yen | Fen-Kiok Man, et al. v. SIA | CV 02-2263 |
| 71. | Hendric Leenardo, Anton Gunadi, Lailawati Gunadi, Sigit Suciptoyono | Leenardo, et al. v. SIA | CV 02-0524 |

Cases Identified in EVA's Motion

| No. | Passenger(s) | Case Name | Case Number |
|---|---|---|---|
| 1. | Anthony Woo | Woo v. SIA | CV 01-11174 |
| 2. | John Harrison, Mary Harrison | Harrison v. SIA | CV 02-2267 |
| 3. | Douglas Villermin | Villermin v. SIA | CV 02-2266 |
| 4. | Paul Blanchon | Blanchon v. SIA | CV 01-7255 |
| 5. | Johannes Van Schijndel, Yue Ying Chuan, Ang Ming Chuang, Ng Siok Chin, Elaine Tan Whee Ling, Chok Fook Chiong | Van Schijndel v. EVA | CV 02-2530 |

iv

| | | | |
|---|---|---|---|
| 6. | Francois Parent | Parent, et al. v. EVA | CV 02-0277 |
| 7. | Susan Enriquez Dominguez | Dominguez v. SIA | CV 01-7256 |
| 8. | Roberto Iglesias | Iglesias v. SIA | CV 01-7257 |
| 9. | Teng Kuang Hui, Raju Penmatcha, Anh Dung Nguyen, Neo Lee Keow, Tee Seok Choo, Lim Lay Har, Lin Hong Wen, Tan Yip Thong | Chang, et al. v. SIA | CV 01-4889 |
| 10. | Pramod Poddar | Est. of Poddar, et al. v. SIA | CV 01-10333 |
| 11. | Yong Fen Min, Lee Nyuk Ha, Loida Danner, Lai Chew Yen | Fen-Kiok Man, et al. v. SIA | CV 02-2263 |
| 12. | Hendric Leenardo, Anton Gunadi, Lailawati Gunadi, Sigit Suciptoyono | Leenardo, et al. v. SIA | CV 02-0524 |

## APPENDIX B

| No. | Passenger(s) | Case Name | Case Number |
|---|---|---|---|
| 1. | John Diaz | Diaz v. SIA | CV 00-11879 |
| 2. | Phillip Thomas | Thomas v. SIA | CV 00-12555 |
| 3. | Walter Lee | Young v. SIA | CV 01-5261 |
| 4. | John Wiggans | Wiggans v. SIA | CV 01-1471 |
| 5. | Jamal Obagi | Obagi v. SIA | CV 01-1472 |
| 6. | Hector Favela, Martha Favela | Favela v. SIA | CV 01-1426 |
| 7. | Chang Chin Liang, Chang Po Chai | Est. of Liang, et al. v. SIA | CV 01-2450 |
| 8. | Margaret Rabley | Rabley v. SIA | CV 01-6323 |
| 9. | Fuad A. Memon | Memon v. SIA | CV 01-0777 |
| 10. | Cai Von Rumohr | Rumohr v. SIA | CV 01-9201 |
| 11. | Chi An Wei | Wei v. SIA | CV 01-9198 |
| 12. | Richard Nemeth | Nemeth v. SIA | CV 01-9197 |
| 13. | Sally Walker | Walker v. SIA | CV 01-9200 |
| 14. | Steven Courtney, Debra Brosnan | Courtney v. SIA | CV 01-10171 |
| 15. | Mohammed M. Khan, Begum Noor Jehan | Khan, et al. v. SIA | CV 01-9297 |
| 16. | Jeffrey Platz | Craig v. SIA | CV 00-12786 |