UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 01-10333 GAF (Rcx) [MDL 01-1394-GAF]   Date: July 29, 2004
Title: Poddar, et al. v. Singapore Airlines, Ltd., et al.

Link to: 56

### The Honorable Gary Allen Feess, Judge

ENTERED
CLERK, U.S. DISTRICT COURT
JUL 3 0 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| Marilynn Morris | None Present |
|---|---|
| **Courtroom Deputy Clerk** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFF:**
None Present

**ATTORNEYS PRESENT FOR DEFENDANT:**
None Present

**PROCEEDINGS:** (In Chambers)

On July 8, 2004, the Court dismissed Defendant Singapore Airlines, Ltd. from this action for lack of subject matter jurisdiction under Article 28 of the Warsaw Convention. Now, Boeing Company and Goodrich Corporation, the only remaining defendants in this action, seek dismissal on the grounds of *forum non conveniens*. After reviewing the supporting and opposing papers, the Court finds this matter capable of disposition without the argument of counsel. Therefore, the August 9, 2004 hearing date set in this matter is hereby **VACATED**. See FED. R. CIV. P. 78; LOCAL RULE 7-15. For the reasons set forth below, Defendants' motion is **GRANTED**.

This Court has previously determined that dismissal of Boeing and Goodrich is warranted under the *forum non conveniens* doctrine in all of the "non-Article 28" cases in this MDL action, *i.e.* all of the cases where the plaintiff cannot sue Singapore Airlines in the United States under the Warsaw Convention. (Feb. 6, 2004 Order Granting Dismissal; March 18, 2004 Order Denying Plaintiffs' Request for Reconsideration). Plaintiffs' action falls into this category and the Court finds that the dismissal of Boeing and Goodrich is warranted for the same reasons expressed in its previous orders on this topic. In this case, Plaintiffs have already brought suit against Singapore Airlines in Singapore. (Han Decl., Exh. B). As with the other actions, Boeing and Goodrich have agreed, as a condition of dismissal, to (1) consent to jurisdiction in the courts of Singapore; (2) toll any statute of limitations under Singapore law for 60 days after the dismissal of this action; (3) make available for trial any evidence in its possession in the United States that the Singapore courts deem relevant; and (4) pay any damages awarded by the Singapore courts, subject to any right to appeal. (Han Decl. ¶ 2; Hession Decl. ¶ 2).

Accordingly, the Court **GRANTS** Defendants' motion and, subject to the above four conditions, **DISMISSES** the action.

IT IS SO ORDERED. THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d)